REID, Judge.
Plaintiff, Charles O. Sullivan, a contractor brought this suit against Mrs. Thalia Fay Carpenter, a resident of Denham Springs, Louisiana for the sum of $1043.50 being the alleged balance due on certain repairs to be done to a house owned by Mrs. Carpenter in the City of Denham Springs.
The original contract was for $1320.00 but Mrs. Carpenter becoming dissatisfied, the plaintiff and defendant entered into an arrangement by which plaintiff gave up the job and after an estimate on the floor work, which the defendant wanted done on the premises, of $276.50 plaintiff credited the original contract with this amount and brought suit for the balance. He also asked for recognition of a material and labor lien and privilege.
Defendant who subsequently remarried and is now Mrs. Gilbert Belew, filed an answer denying the plaintiff is entitled to anything because he had breached the contract by failing to perform certain repairs and installations listed in the contract and work, mainly painting on the outside and interior of the house and improper matching of the wood on the cabinet door. She alleged that this work was improperly and faultily done and was not performed in a workmanlike manner. She further claimed that since the plaintiff had not attempted to recover alternately on the basis of quantum meruit the main demand should be rejected and she then sought additional expenses in reconvention which she had to have done because of the alleged faulty work of the plaintiff and his employees, consisting of removal of trash left on the premises, two months rent of another residence necessitated by plaintiff being in possession of the premises during the peak period of the work, loss of profit on a prospective sale of the house which did not materialize and various fees, all totalling the sum of $4082.41. She further claimed that since the contract was not filed and recorded in the office of the Clerk of Court plaintiff was not entitled to a lien under the provisions of LSA-R.S. 9:4802 and that his lien filed on November 7, 1963 and later reinscribed should be can-celled.
The Trial Judge rendered a decision with written reasons granting the plaintiff judgment in the amount of $1043.50, less a credit of $121.45, being the amount he found the defendant owner expended in completing the work, and cancelling and erasing the labor and material lien recorded.
From this judgment defendant has brought this appeal.
The issue is mainly factual and the Trial Judge found as follows, which we quote with approval, to-wit:
“We will first consider whether or not the parties agreed on or about November 5, 1963 that plaintiff would be released from his obligation under the contract to refinish the oak floors, retiling the floor in the kitchen, bathroom and large bedroom, and installing new for-mica on the cabinet top in return for a *107 reduction in the contract price of $276.-00. The evidence in this regard clearly supports plaintiff’s position and while we do not subscribe to plaintiff’s view that Mrs. Carpenter manifested no objection to the manner in which he performed the previously accomplished work, admittedly they were trying to become disengaged and Nolan Harris was called in to estimate the cost of completing the items above listed. His testimony reflects that in the presence of both parties he offered to do this work for the total sum of $276.50. These three items were priced on the contract between the parties at the total sum of $184.00. While Harris did not actually perform the work, the defendant was allowed a credit or reduction of the contract price of Harris’ exact figure of $276.50 for the uncompleted work, and the record clearly shows that she acquiesced in this method of concluding her dealings with plaintiff, but reserving her claim about poor workmanship.
The areas of dispute with respect to whether or not plaintiff’s work was done in a workmanlike manner dealt primarily with the quality of the painting job, both inside and outside but principally with reference to the interior of the house, where according to the defendant and her witnesses, the old paint showed through the new paint which had been applied by youthful and inexperienced craftsmen unable to cope with the situation. Donald Abbott, 28 years old, with 12 years of painting experience, and J. L. Abbott, his brother aged 21 years, who had been painting about five years, painted the outside of the house. The plaintiff, James Sullivan Jr., and Jerry Martin, with considerable but varied experience in the painting field painted the interior. Plaintiff and his witnesses, mostly his employees, stated that the painting was properly done. Nolan Harris said that while he did not pay particular attention, what little he saw of the work, it seemed that it was done all right. Defendant and her witnesses, Jesse C. Neal, Robert (sic) Belew, her husband, and John W. Bass, a prospective purchaser of the-place, in substance, with the exception of Neal who was not quite so blunt, testi--fied that the painting, particularly of the-interior, was sloppily done. f
In our opinion the evidence establishes' the contract, as subsequently amended or reformed by the parties, was substantially performed by the plaintiff, and although the proof preponderates to the effect that the interior painting was not done in a proper and workmanlike manner, this breach was not sufficient to vitiate the contract. See Airco Refrigeration Service Inc. v. Fink [242 La. 73], 134 So.2d 880. The cases cited by defendant are inapposite for the reason that in those cases, particularly B. F. Eddington Drilling Company, Inc. v. Yearwood [239 La. 303], 118 So.2d 419, involved situations where the breach defeated the purpose of the contract.
The next question to determine is the damages the defendant has experienced as a result of the inadequate interior painting job. The items on which proof has been adduced and which we believe to deserve consideration are the sum of $163.00 representing the labor of the additional painting, and the composite sum of $99.89 representing new paint, and materials in connection with correcting the defective work. Since we have held the evidence does not establish defective workmanship on the outside of the house, and inasmuch as there was no attempt to pro-rate or divide the expenses attributable to the outside and interior of the house, the Court will hold one-half of the total of the above two figures as being attributable to interior of the house, or the sum of $121.45.”
Since we have found that there is a substantial compliance with the contract by the plaintiff we believe that the doctrine in D’Antonio v. Lemoine, La.App., 144 So.2d 719 will apply.
*108 “But under LSA-Civil Code Article 2769, while such a compliance with the building contract is sufficient to justify recovery of the contract price, the owner is entitled to a reduction of that price by the amount of the cost of the necessary completion, correction and repair. Bertrand v. Ducote, La.App., 128 So.2d 809; Loeb v. Neilson, La.App., 128 So.2d 447; Norman v. Brown, La.App., 83 So.2d 488; DuBos v. Sanders, 174 La. 27, 139 So. 651.”
This brings us to the question of the cancellation of the lien filed by plaintiff. Since plaintiff filed no answer to the appeal and does not complain of this ruling by the Trial Court we see no necessity to comment on it.
For the foregoing reasons we believe the judgment of the Lower Court is correct and should be affirmed.
Affirmed.