REGAN, Judge.
The plaintiff, Carrie Young Franklin, filed this suit against the defendant, Robert Edward Mackie, endeavoring to recover the sum of $2,678.67, as damages, which she asserts were incurred as the result of the defendant’s breach of a building contract executed for the repair of her home.
The defendant answered and denied that any liability for the breach of the contract attached to him. He then reconvened endeavoring to recover the sum of $686.00 which he asserts represents the balance due under the contract plus $150.00 as an extra for paneling which was not included in the original contract.
Following a trial on the merits, the lower court rendered judgment in favor of the plaintiff in the amount of $555.00, subject to a credit of $388.00 in favor of the defendant. From that judgment, the plaintiff has prosecuted this appeal.
The record discloses that on October 13, 1965, the plaintiff and the defendant entered into a contract for the repair of the plaintiff’s dwelling which was heavily damaged by Hurricane Betsy in September of 1965. The contract provided that the defendant was to replace and paint the sheet-rock throughout the house; straighten the damaged flooring and then use it as subflooring for the installation of oak flooring which was to be laid in all rooms except the kitchen and bathrooms where vinyl asbestos tile was to be placed over three-eighths inch plywood. Baseboards were to be replaced, both bathrooms were to be walled off in order to install a built-in bathtub, with ceramic tile above its perimeter.
The contract price for the foregoing work was $2,486.00, one-third of which was to be paid when the material had been delivered, one-third when the work was one-half or two-thirds completed and the final one-third was to be paid when the work was finished. It was agreed by both parties that wood paneling would be sub *362 stituted in the halls for sheetrock under the original contract.
Work was begun in November, 1965; however, it was discontinued in March, 1966. Despite demand, the defendant did not complete the work, and on April 29, 1966, the plaintiff secured an estimate from one Irvin J. Robins, for the completion of the repair of her property.
When the defendant discontinued working on the plaintiff’s dwelling, she had paid him the sum of $2,098.00 in conformity with the terms of the contract. She subsequently paid Robins $1,007.00 for completion of the repair work and for other incidental work not covered by the original contract.
The law is clear that in conformity with the rationale of Article 2769 of the Louisiana Civil Code and the jurisprudence interpretive thereof, a contractor who has substantially performed a building contract is entitled to file suit thereon to recover the contract price, less whatever damages the owner may prove to be attributable to the breach.[1] The question whether a contractor has substantially performed his agreement is one of fact, and among the factors to be considered are the extent of the defect or nonperformance, the degree that the purpose of the contract is defeated by the nonperformance, the ease of correction of the defects, and use or benefit to the owner of the work which has in fact been performed.[2]
The lower court, after hearing the evidence and evaluating the witnesses, obviously concluded that the defendant had substantially performed the contract. The lower court found that the defendant was entitled to the sum of $388.00, which represents the unpaid balance to him under the contract. However, the lower court also rendered judgment in favor of the plaintiff in the amount of $555.00, representing that portion of the repair work performed by the second contractor which the court concluded was attributable to the defendant’s nonperformance. To reiterate, the lower court found as a matter of fact that the paneling valued at $275.00 had to be replaced, the kitchen cabinets had to be reworked at a cost of $80.00, and the floors had to be refixed and refinished at a cost of $200.00, thus establishing the award to the plaintiff of $555.00.
The foregoing elucidation discloses that only questions of fact were posed for the trial court’s consideration. The quere which this appeal has posed for our consideration is whether the foregoing finding of the trial judge was so erroneous and unsupported by the evidence adduced herein as to warrant a reversal by us.
We are of the opinion that no useful purpose would be served by indulging in a protracted discussion of the foregoing testimony or by endeavoring to reconcile the respective litigants’ versions of the amount of work performed by the defendant and the amount of plaintiff’s damage which was attributable to the defendant’s non-feasance. The trial judge accepted the fact that the defendant had substantially performed the contract, with the exception of some work remaining to be done in the amount of $555.00. Our analysis of the record convinces us that the evidence preponderates in favor of the findings of the lower court, and its judgment is, therefore, correct.
For the foregoing reasons, the judgment appealed from is affirmed.
The plaintiff is to pay all costs of this appeal.
Affirmed.

. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961).

. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961).