CULPEPPER, Judge.
The defendant appeals a judgment ordering him to pay to plaintiff the sum of $1,461.82 plus interest and attorney’s fees due under a contract pursuant to which plaintiff installed a carpet in defendant’s pet shop.
The essential issue is whether plaintiff substantially performed the contract.
In determining the application of the doctrine of substantial performance to construction contracts, the court must look to (1) the extent of the defects, (2) the degree to which the purpose of the contract has been defeated, (3) the ease of correction of the defects, and (4) the use or benefit which the owner derives from the defective performance, Franklin v. Mackie, 221 So.2d 360 (La.App. 4th Cir. 1969).
The district judge gave detailed written reasons reviewing the testimony of *758 the parties and their expert witnesses. He concluded the following are the facts:
“There apparently are some loose seams and some areas along some of the loose seams where the tufts have come out in strips from one to three inches wide. However, these afeas can be repaired, but defendant presented no evidence of the cost of making such repairs.
“If the defects in the carpet were as excessive as defendant claims they are, and if, in fact, his dissatisfaction with the carpet was the reason he failed to pay the invoice, I cannot understand why he never told Walker this. It is inconceivable to me that he would not even once voice his complaints to plaintiff, much less decline plaintiff’s numerous phone calls, and even give Walker another excuse for non-payment, were his complaints as genuine as expressed at the trial and were this the real basis for his non-payment.”
There is a conflict in the testimony. The trial judge gave greater credibility to the witnesses for the plaintiff than he did to the witnesses for the defendant. Under this evaluation of the testimony, there is clearly a reasonable factual basis for the trial court’s finding, Canter v. Koehring Company, La., 283 So.2d 716 (1973).
The case of Kegler’s Inc. v. Levy, 239 So.2d 450 (La.App. 4th Cir. 1970) cited by defendant is distinguished on the facts. In that case the carpet in a bowling alley and pool room wore thin in three months. The court held the defendant breached the contract by furnishing defective carpeting. There was no substantial performance as in the present case.
For the reasons assigned, the judgment appealed is affirmed. All costs of this appeal are assessed against the defendant-appellant.
Affirmed.