311 So.2d 488 (1975)
Charles LAMBERT, d/b/a Charles Lambert Gravel Co.
v.
JONES-McCLOSKEY CONSTRUCTION CO., INC.
No. 6705.
Court of Appeal of Louisiana, Fourth Circuit.
April 15, 1975.
*489 George C. Stringer, Jr., New Orleans, for plaintiff-appellant.
Richard M. Olsen, New Orleans, for defendants-appellees.
Before SAMUEL, REDMANN and MORIAL, JJ.
SAMUEL, Judge.
Plaintiff filed this suit to recover $6,800 under a contract for clearing 14 ½ acres of ground in St. Charles Parish to be used as a trailer park. Named as defendants were Jones-McCloskey Construction Co., Inc., general contractor, and David Whitsell, owner of the land.
The defendants answered, denying plaintiff's performance and his right to recovery. They also filed a reconventional demand for $11,509.72, which they claim as damages incurred by them as a result of the plaintiff's alleged improper, dilatory performance and nonperformance.
After a trial on the merits, there was judgment dismissing both the plaintiff's suit and the defendants' reconventional demand. Plaintiff has appealed. Since the defendants have neither appealed nor answered the plaintiff's appeal the judgment is final as to the reconventional demand and no issues raised thereunder are before us.
The contract, originally oral, was reduced to writing in the form of a November 20, 1972 plaintiff letter to the defendant contractor, which was signed by one of the latter's officers and by the owner, Whitsell. The body of the letter reads:
To clear tract of land in St. Charles Parish, approximately 14 ½ acres, of all trees, which will be buried or burned assuming that permission will be given to burn in this section, for the lump sum of $6,800.00 (Six thousand eight hundred & no/100 Dollars).
Although the contract does not state the time in which the work was to be completed, the parties agree it was to be performed in a "reasonable time". The contract was granted to plaintiff because of his previous performance on another piece of land, also owned by Whitsell, which adjoined the tract in suit. Clearing the other tract, consisting of approximately 8 acres, had taken only two or three weeks while the work in question was terminated by defendants on April 5, 1973, at which time, almost five months after the signing of the letter agreement, plaintiff still had not completed clearing the tract.
Plaintiff contends weather conditions, including excess rainfall during months following the date of the contract, prevented his timely performance. However, similar work on an adjacent tract of land of approximately the same size was completed by another contractor in a few weeks even though the same "reasonable period" of time had been given that other contractor. Plaintiff himself stated that there were periods when no rain was falling but no work was performed. The period between December 2, 1972 and December 27, 1972 is an example. Moreover, he admitted bulldozers and other equipment were removed from the job site and rented to other persons during the period of the contract prior to its termination by the defendants. The removal of this equipment significantly reduced his ability to perform and increased the time period for performance.
*490 The record discloses plaintiff's performance was quite inadequate. At the time he was removed from the job, all of the trees had not been felled and he had neither buried nor burned most of those which had been felled. In the course of pushing down trees, he allowed pits to remain which he did not fill and which, in due course, filled with water. Approximately eight large beds or trenches were dug on the property for burying the trees. However, all but one of these were left empty and allowed to fill with water. Had trees then been placed in these water filled trenches, they would have formed a bog which would have been an unsatisfactory base upon which to build a trailer park.
Additionally, he was furnished with a clearly marked plot plan showing where he was to dig trenches and bury the tree stumps which could not be burned. Nevertheless, he caused a subcontractor to dig trenches in areas not so designated, which interfered with the work of others on the premises, and even in one or more places where streets were to be laid in the trailer park. The holes dug in the areas designated for the street or streets filled with water and when plaintiff filled it or them with debris, there was created what the record refers to as a "bog area" which would not serve as the foundation for a proposed street. As a consequence, the paving contractor on the job was forced to use special reinforcing steel for the street bed or beds in these areas.
The record is replete with examples of poor performance or nonperformance by plaintiff. He left holes where stumps had been removed, debris had to be removed from the proposed street or streets, the clearing had to be completed, stumps remained to be removed, and grading work still was necessary at the time the contract was terminated.
The trial court decided the case under the doctrine of substantial performance. This doctrine has its origin in Article 2769 of the Civil Code and is an exception to the general rule in commutative contracts which provides for no payment under the contract in the absence of total performance.[1] It is doubtful that a contract to clear land is a construction contract which would entitle plaintiff to the benefits of the substantial performance doctrine.[2] However, we find it unnecessary to consider that question because the trial court reached the conclusion, with which we agree, that plaintiff did not meet the lesser burden of showing substantial performance under the doctrine.
Plaintiff's improper performance and nonperformance were extensive and rendered the entire tract unsuited for the intended purpose. While the defendants may have obtained some benefit from plaintiff's work, the tract was not usable for construction purposes at the time the contract was terminated. Substantial work was needed to complete the clearing and undo the problems created by the improper performance and this was done by the defendants at a cost which may have equalled, and perhaps even exceeded, the contract price.[3] *491 Our reading of the record satisfied us that, as a result of his breach of the contract, plaintiff is not entitled to any recovery thereunder. We find no error in the trial judge's conclusion that there was a failure to comply with a lesser standard of performance than that delineated in the substantial performance doctrine.
For the reasons assigned, the judgment appealed from is affirmed.
Affirmed.
NOTES
[1] See Maloney v. Oak Builders, Inc., La.App., 224 So.2d 161, reversed on other grounds, 256 La. 85, 235 So.2d 386; Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880; Scott Fence & Insulation Co., Inc. v. Boudro, La.App., 252 So.2d 458; Sullivan v. Carpenter, La.App., 193 So.2d 105.
[2] Article 2745 provides that labor may be let out in three ways: (1) Laborers may hire their services; (2) common. carriers and ship masters may hire out their services for the transportation of persons or things; and (3) workmen may hire out their labor or industry to make buildings or other works. Art. 2769, the basis for the doctrine of substantial performance, is contained in the third category, which is headed "Of constructing buildings according to plots, and other works by the job, and of furnishing materials." The mere agreement to clear land could fall within the first category of a laborer hiring his services to another person, since no building or "work" appears to be involved.
[3] Because the bills offered in evidence overlap and are unclear to some extent, we are unable to determine the exact amount expended by the defendants to correct and complete the work.