334 So.2d 758 (1976)
Mr. and Mrs. Walter J. GRATHER
v.
TIPERY STUDIOS, INC.
No. 7453.
Court of Appeal of Louisiana, Fourth Circuit.
June 9, 1976.
Rehearing Denied July 29, 1976.
*759 William M. Detweiler, New Orleans, for plaintiffs-appellees.
William F. Wessel, New Orleans, for defendant-appellant.
Before REDMANN, GULOTTA and STOULIG, JJ.
GULOTTA, Judge.
Defendant appeals from a judgment awarding plaintiffs a return of $248.54, representing the purchase price of plaintiffs' wedding pictures, and $250.00 in general damages,[1] arising out of the unprofessional manner in which defendant photographed plaintiffs' wedding. Although not broken down or explained in the judgment, the $250.00 general damage award presumably was made in response to plaintiffs' demand for damages caused by mental anguish and embarrassment.
The record supports plaintiffs' specific complaints that the photographer's impatience and failure to exercise professional care resulted in photographs with poor positioning and unsatisfactory backgrounds (exit signs, kitchen in disarray and glasses left on the table). The bride's testimony that the photographer was impatient in taking the photographs is unrebutted. The photographer failed to testify and no explanation was given for his nonappearance. Further, the testimony of Paul P. Palermo, secretary of Tipery Studios, supports plaintiffs' claim that professional care requires that attention be given by the *760 photographer to the background of a picture. In this connection, Palermo testified:

"Q I am asking you as a professional if you had it within your power to look at the background that you were going to take and knowing that you contracted to take pictures that are going to be kept and used for memory and so forth for years to come, would you not take the care of closing that curtain?
A I would ask the caterer to do it. Because we don't move things in the caterer's place.
Q Have you ever, sir, in taking a picture, gone up and picked up a glass or cup or something and moved it out of the way when you're looking at your picture?
A Yes.
Q When you're looking at what you're going to take?
A Right."
Palermo further stated:
"Q If you were going to shoot a picture of Judge O'Keefe sitting here in that position and you used a lens that may have picked up that open door, would you go close that open door?
A Yes.
Q Of course you're looking for background and the individuals involved?
A Right.
Q Now, this Proof No. 88, it is a very poor job as far as background is concerned, is it not?
A It is bad."
Palermo added:
"Q What about this? Would you have picked up the cups off the table? Not the glasses of champagne. I am talking about the plastic cups that are by the cake.
A Me personally, yes.
Q As a good professional wedding photographer, that's what you would have done, is that correct, sir?
A I would have picked them up myself personally. But it's also the caterer's job to make sure that everything is clean."
Further, an examination of the pictures, even to an untrained eye, indicates the photographer's lack of care, in some cases, with respect to positioning and his inattention to background.
We are not in agreement with defendant's contention that the bride, after viewing the pictures, acquiesced in the quality of the photography when she ordered photographs in addition to those for which she contracted. Plaintiff testified she complained about the quality of the pictures to Mr. Palermo. According to Mrs. Grather, an unsatisfactory solution to the problem was suggested by Palermo when he stated to her that she could return the pictures and he would return the money. We cannot say that a purchase of additional photographs of a memorable wedding event, under the circumstances, indicates satisfaction with the quality of the photography.
With respect to the professional care required of one providing services, LSA-C.C. art. 2769 provides:
Art. 2769. Contractor's liability for noncompliance with contract
"Art. 2769. If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract." *761 Further, as was stated in Hebert v. Pierrotti, 205 So.2d 888 (La.App. 3d Cir. 1968):
"As a general rule, there is implied in every contract for work or services that the work will be performed in a skillful, careful, diligent and good workmanlike manner. * * *"
Under the circumstances, we conclude the photographs were less than professional and plaintiffs are entitled to recover. We are not in agreement, however, with the trial court's judgment ordering return of the purchase price, together with the general damage award, and the further judgment allowing plaintiffs to retain the photographs.
Plaintiffs are not entitled to the return of the purchase price and retention of the photographs. On the other hand, return of the photographs, from plaintiffs' point of view, is not a satisfactory resolution to the dispute. Plaintiffs are entitled to retain the wedding photographs, but are not entitled to a return of the $248.54 purchase price. Because, however, of the less than professional quality of the wedding pictures, plaintiffs are entitled to a general damage award for mental anguish and embarrassment.
A bride and groom who desire nonamateur photographs and employ a professional photographer are seeking "the gratification of some intellectual enjoyment" within the meaning of LSA-C.C. art. 1934(3). When the photographs are of less than professional quality, the bride and groom are deprived of the full enjoyment, which they can rightfully expect, of pictures commemorating their wedding and reception. Plaintiffs are entitled to compensation in damages for this loss of enjoyment.
In the instant case, however, we are not presented with a situation where the photographer failed to appear at the wedding and reception, and failed to take the photographs. Nor are we presented with a camera or film failure resulting in seriously marred or flawed photography. We are presented with a few selected photographs which evidence poor positioning and unsatisfactory backgrounds. Under the circumstances, we deem a trial court's $250.00 general damage award for mental anguish and humiliation to be excessive. We conclude that a $125.00 general damage award is warranted under the circumstances.
Accordingly, the judgment of the trial court is annulled, vacated and set aside. Judgment is recast and is now rendered in favor of plaintiffs, Mr. and Mrs. Walter J. Grather, and against Tipery Studios, Inc., awarding plaintiffs retention of the photographs and general damages in the sum of $125.00, together with interest from date of judicial demand. Judgment is further rendered awarding defendant, Tipery Studios, Inc., retention of the purchase price, i.e., the sum of $248.54. Costs to be paid by defendant.
ANNULLED, VACATED AND SET ASIDE; JUDGMENT RECAST AND RENDERED.
NOTES
[1] The trial judge further ordered that plaintiffs retain the photographs.