336 So.2d 1034 (1976)
J. W. PLAISANCE, Jr., Plaintiff-Appellee,
v.
Malcolm D. DUTTON, Defendant-Appellant.
No. 12985.
Court of Appeal of Louisiana, Second Circuit.
August 31, 1976.
Hal V. Lyons, Shreveport, for defendant-appellant.
Love, Rigby, Dehan & Love by Joseph P. Titone, Shreveport, for plaintiff-appellee.
Before BOLIN, PRICE and HALL, JJ.
PRICE, Judge.
Malcolm D. Dutton has appealed from the judgment awarding J. W. Plaisance, Jr. damages for the breach of a contract by the partnership of Dutton and Lee to construct a road for Plaisance.
Plaisance contends he made an oral agreement with Dutton's partner, Billy Lee, *1035 for the partnership to build a 200 foot road and a 65 foot driveway to provide access from a public road to the site on which Plaisance intended to put a double wide mobile home on rural property in Caddo Parish. Prior to the filing of this suit, Lee dissolved partnership with Dutton and moved from the State of Louisiana. This action was brought solely against Dutton who makes no issue of his responsibility for the partnership indebtedness.
Plaisance contends that in addition to the clearing, grading, ditching, and culvert installation, Lee agreed to prepare the roadbed with six inches of iron ore to provide an all-weather road and driveway.
Plaisance contends Lee used iron ore on approximately 100 feet of the road and, contrary to the agreement, used a mixture of sand, clay, and pea gravel on the remainder, including the driveway. He contends that rainy weather began shortly after completion of the road and that the portion of the road without iron ore became impassable, causing him a delay of approximately ten months in moving the mobile home onto the site as intended.
Plaisance further contends he was charged $3,180.14 for the work which greatly exceeded the amount originally estimated by Lee of $1,605. He contends repeated demands were made on Dutton and Lee to correct the defective work, but no attempt was made by them to remedy the situation.
Plaisance demands damages consisting of the following items:
1) $3,180.00 as the return of the total price paid to Dutton and Lee for the defective work.
2) $1,005.00 for the amount paid to another contractor to remove the sand, clay, and gravel mix, and to resurface this portion of the road with cinders.
3) $1,400.00 for rent paid on a residence during the period the road was impassable.
4) $400.00 for storage cost of a portion of the furniture which could not be placed in the rented premises.
5) $1,000.00 for mental anguish and inconvenience caused by the delay in occupying the mobile home.
In answer to Plaisance's demands, Dutton denied his firm had breached the agreement. He contends the agreement was to perform the work on a hourly cost basis plus material, and that iron ore was to be used only if it was available. He further contends a sufficient quantity of this material was not available at the time, and the sand, clay, and gravel mix was substituted with the knowledge and approval of Plaisance.
The trial court found the parties contracted for an iron ore road, and that the failure of Dutton and Lee to use this material entitled Plaisance to a portion of the damages sued for. The court awarded the sum of $1,005 paid by Plaisance to make the road serviceable; $1,400 for house rent caused by the delay in completion; and $400 for furniture storage. The court rejected the demand for mental anguish and inconvenience as it concluded such damage is not recoverable for breach of contract under the circumstances shown in this case.
Dutton contends the trial court erred in concluding the agreement was to provide an all-weather road of iron ore, and in finding Plaisance was entitled to the damages awarded. Plaisance answered the appeal asking that the judgment be increased to include the $1,000 sum for mental anguish which was rejected by the trial court. We are in accord with the conclusion of the trial judge and affirm the judgment appealed from.
The totality of the evidence shows Plaisance contracted for an all-weather road to be constructed of iron ore, and the material used by Dutton and Lee was not suitable for this purpose. Following the first rain after completion, an electric power company vehicle became stuck in this part of the road, and deep ruts formed on subsequent attempts by vehicles to traverse the road. The evidence also shows Dutton and Lee failed to respond to demands made upon them to resurface the defective portion of *1036 the road, and it became necessary for Plaisance to obtain the services of another contractor to perform this work.
Louisiana Civil Code Article 1934 provides the measure of damages for the breach of a contract. The provisions which are pertinent to the circumstances of this case are:
Where the object of the contract is any thing but the payment of money, the damages due to the creditor for its breach are the amount of the loss he has sustained,. . ., under the following exceptions and modifications:
1. When the debtor has been guilty of no fraud or bad faith, he is liable only for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract. By bad faith in this and the next rule, is not meant the mere breach of faith in not complying with the contract, but a designed breach of it from some motive of interest or ill will.
* * * * * *
Dutton is a debtor in good faith as defined in Article 1934, and is therefore liable only for such damages as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract.
The cost of correction of defective work was clearly within the contemplation of the parties and the award of $1,005 for this purpose was proper. Dutton argues he should not have to pay for the 70 yards of cinders furnished by another contractor as his agreement was based on cost plus material furnished, and he would have charged Plaisance for any additional material used had he performed the remedial work. An owner is not obligated to pay the cost of work improperly performed on a cost plus contract. Kerner v. Gilt, 296 So.2d 428 (La.App. 4th Cir. 1974). Similarly, the owner should not be obligated for additional material furnished by the contractor to correct defective work.
Dutton next contends Plaisance should not have been awarded the sum of $1,400 for rent or the $400 amount for storage of furniture as Plaisance could have mitigated these damages by using the mobile home during the period of delay at some other location.
The evidence does not show with any degree of certainty how Plaisance could have reduced his damages by taking the course of action proposed by Dutton under the circumstances. He became aware of the condition of the road in November of 1974, just prior to the scheduled delivery of his mobile home from the factory. Plaisance could have reasonably assumed the road would be corrected in a short period of time, and he was assured by Lee that something would be done as soon as the weather permitted. Under these circumstances it would not have been practical to have accepted delivery of the mobile home at a temporary site, and incur the additional expense of moving it after the remedial work was done on the road.
The evidence shows Plaisance was punctual in having the necessary repairs made to the road by a third party as soon as he understood Dutton and Lee were not making an effort to repair their work.
The additional damages caused by delay due to wet weather is a logical consequence of the failure of Dutton and Lee to use proper material in constructing an all-weather road as the agreement provided.
The sole purpose of the contract was to prepare accessibility to the proposed site for the mobile home prior to the anticipated delivery date in November, 1975. The failure to provide an accessible road by this date resulted in Plaisance incurring the additional living expenses sued for which were reasonably within the contemplation of the parties at the time of making the contract. The trial court was correct in making the award for rental expense and storage charge for furniture.
Plaisance contends he should be awarded damages for inconvenience and *1037 mental anguish caused by the improper performance of the contract. Article 1934(3) allows non-pecuniary damages resulting from breach of contract only where the object of the contract is an intellectual enjoyment. The circumstances presented here do not fall within this exception to the general rule. See Meador v. Toyota of Jefferson, Inc., et al., 332 So.2d 433 (La.1976).
The judgment appealed is affirmed. Costs of the appeal are assessed to appellant.