349 So.2d 1315 (1977)
MERRYDALE GLASS WORKS, INCORPORATED
v.
Mike MERRIAM.
No. 11418.
Court of Appeal of Louisiana, First Circuit.
July 11, 1977.
Rehearing Denied August 24, 1977.
Writ Refused October 26, 1977.
*1317 Michael A. Patterson, Baton Rouge, of counsel for plaintiff-appellant, Merrydale Glass Works, Inc.
Joseph E. Juban, Baton Rouge, of counsel for defendant-appellee, Mike Merriam.
Before LANDRY, EDWARDS and COLE, JJ.
COLE, Judge.
Suit was instituted by Merrydale Glass Works, Inc., plaintiff-appellant, against Mike Merriam, defendant-appellee, to recover the contract price on two oral contracts for the installation of certain glass products. The defendant answered claiming that the plaintiff was not in compliance with the contracts and reconvened seeking damages for the cost of repairing and replacing alleged defective work.
In the fall of 1975, Merrydale entered into the contracts with the defendant to install certain glass products in his home. The first agreement was for the installation of sixteen pieces of cathedral glass in the front of the house for a price of $614.80. The second agreement was for the installation of mirrors covering some of the walls, the ceiling and two night tables in the bedroom, and for the installation of mirrors on the walls and doors of the lavatory area in the bathroom. The agreed price for the installation of all mirrors was $3,171.
Merrydale completed installation of the cathedral glass and began the process of installing the mirrors. Difficulties were encountered with the installation of the mirrors because the walls were not plumb. Merrydale attempted to rework portions of the job upon complaints by defendant and his wife. Dissatisfaction expressed to the plaintiff by defendant related to chipped and uneven edges, spaces between the mirrors, and the installation of numerous small panels instead of large panels as requested. While contracting with the defendant Merrydale had said that all of the mirrors would be cut on the job to facilitate fitting the glass. However, none of the mirrors installed were cut on the job.
After approximately six weeks of work on the second contract, when defendant concluded that Merrydale was not performing satisfactorily, he told Merrydale to discontinue the job. Subsequently, in order that the light fixtures could be installed, the defendant hired Wooddale Glass to replace portions of the mirrors in the lavatory area at a cost of $833.41.
At trial, Merrydale contended that the work was substantially performed in a proper manner but that it was prevented from finishing the job. The defendant claimed, however, that the work done was unacceptable. In this regard, the photographs in evidence and the testimony does establish that there were numerous chips in the edges of many of the mirrors installed, especially in areas surrounding light switches and electrical receptacles. It was further established that many of the mirror panels installed either had gaps between them or were out of alignment. Efforts were made to rectify the chips and gaps by applying a caulking compound. Finally, the record establishes that many small panels were used instead of larger panels as requested by defendant.
The trial court found that the first agreement for the cathedral glass was substantially completed and awarded the plaintiff the full contract price of $614.80. With regard to the second agreement on the mirrors, the trial court found that in terms of the surface covered, there was substantial completion, but that there was not substantial *1318 completion in "a good, workmanlike manner." The court allowed the plaintiff a partial recovery on the second agreement of $636.00 for the work done on the ceiling only. From these awards to the plaintiff, the court subtracted the $833.41 paid to Wooddale for the replacement work in the lavatory area. This resulted in a net judgment of $417.39.
The contracts in question are governed specifically by the Louisiana Civil Code articles dealing with works by the job. La.-C.C. arts. 2756, et seq. Implicit in every contract for work or services is the agreement that the work will be performed in a workmanlike manner free from defects attributable to either faulty materials or poor workmanship. Grather v. Tipery Studios, Inc., 334 So.2d 758 (La.App. 4th Cir. 1976); Calcon, Incorporated v. Young Companies, Inc., 322 So.2d 883 (La.App. 1st Cir. 1975); Neel v. O'Quinn, 313 So.2d 286 (La. App. 3rd Cir. 1975).
Relating to the failure of the contractor to execute the undertaking, Louisiana Civil Code Article 2769 provides:
"If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
Article 2769 is an exception to the general rule applicable to commutative contracts that no payment is due under a contract in the absence of total performance. Lambert v. Jones-McCloskey Construction, Inc., 311 So.2d 488 (La.App. 4th Cir. 1975); G. Salvaggio & Co., Inc. v. Delta Heights, Inc., 277 So.2d 754 (La.App. 4th Cir. 1973).
Under Louisiana Civil Code Article 2769 and the jurisprudence interpretive thereof, a contractor who has substantially performed a building contract is entitled to recover the contract price, less whatever damages the owner proves to be attributable to the breach of the contract. Franklin v. Mackie, 221 So.2d 360 (La.App. 4th Cir. 1969); Henson v. Gonzalez, 326 So.2d 396 (La.App. 1st Cir. 1976); Neel v. O'Quinn, supra.
The question of whether a contractor has substantially performed the contract is one of fact. Thus, the trial court's decision should only be overturned on a showing of manifest error. Henson v. Gonzalez, supra. Among the factors to be considered in determining whether substantial performance under the contract has been accomplished are the extent of the defect or nonperformance, the degree that the purpose of the contract is defeated by nonperformance, the ease of correction of the defect, and the benefit derived by the owner from the work performed. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961); Franklin v. Mackie, supra.
On the other hand, if it is determined that the contract for work by the job has not been substantially performed, the contractor's recovery is limited to quantum meruit. Neel v. O'Quinn, supra. See, also, La.-C.C. arts. 2293, et seq.
In the instant case the trial judge inspected the premises to determine the extent of performance under the agreements. See Bergeron v. Parish Lumber Home Improvements, Inc., 255 So.2d 163 (La.App. 1st Cir. 1971). Based on the evidence and testimony presented, the trial court's conclusion that the contract for installation of the cathedral glass was substantially performed is correct and Merrydale is entitled to recover the contract price of $614.80.
However, the trial court failed to allow the defendant to deduct from the contract price the cost of replacing one of the sixteen panels which the evidence indicates probably was broken by the plaintiff. The deduction of one-sixteenth of the contract price of the cathedral glass leaves $576.37.
After inspecting the premises and hearing the testimony of the parties, the *1319 trial court apparently concluded that the contract to install the mirrors was not substantially performed and allowed the plaintiff to recover only the value of the work done on the ceiling, or $636.00. There is sufficient evidence in the record that the defects defeated to a serious degree the purpose of the contract and that the corrections of the defects could only be accomplished by replacing most of the panels installed, which evidence supports the trial judge's conclusion. Therefore, the findings of the trial court that there was not substantial performance of the second contract and that the plaintiff was only entitled to $636.00 as quantum meruit are not manifestly erroneous.
The trial court allowed the defendant to deduct $833.41 as the cost of replacing the mirrors in the lavatory area. However, the court did not allow Merrydale to collect the contract price for this portion of the work. Moreover, it was not shown that the defendant was damaged by the installation of this portion of the work to the extent that the replacement of the lavatory mirrors caused the defendant additional cost. See Southern Accoustics, Inc. v. Ritman, 272 So.2d 417 (La.App. 2nd Cir. 1973). Therefore, the defendant cannot subtract the cost of replacing the lavatory mirrors from the amount awarded Merrydale for the work done to the ceiling.
For the foregoing reasons, the judgment of the trial court in favor of the plaintiff is amended to award plaintiff the sum of $1,212.37, and in all other respects said judgment is affirmed. The costs of this appeal are assessed equally to the appellant and the appellee.
AMENDED AND, AS AMENDED, AFFIRMED.