379 So.2d 844 (1980)
Mr. and Mrs. Fred S. BOWES
v.
FOX-STANLEY PHOTO PRODUCTS, INC.
No. 10644.
Court of Appeal of Louisiana, Fourth Circuit.
January 10, 1980.
Rehearing Denied February 20, 1980.
*845 Jones, Walker, Waechter, Poitevent, Carrere & Denegre, Claude D. Vasser, Metairie, for plaintiffs-appellants.
McGlinchey, Stafford, Mintz & Hoffman, Frederick R. Campbell, Wayne J. Fontana, New Orleans, for defendant-appellee.
Before SAMUEL, LEMMON and GULOTTA, JJ.
GULOTTA, Judge.
Plaintiffs appeal from a summary judgment dismissing their suit for pecuniary and non-pecuniary damages resulting from the loss of a roll of plaintiffs' film placed in defendant's custody for processing. The film contained photographs of wine vineyards in Bordeaux, France, taken while plaintiffs (who are wine enthusiasts and connoisseurs) were traveling on vacation in Europe.
As a pecuniary loss, plaintiffs claim reimbursement of the expenses of their European vacation. As a non-pecuniary loss, they claim damages for deprivation, of gratification of intellectual enjoyment in seeing the photographs and in showing them to friends and fellow wine enthusiasts. The plaintiffs contend the trial judge erred when he concluded, in his reasons for judgment, that defendant could not be liable for non-pecuniary losses because plaintiffs did not advise or notify defendant of the value of the photographs taken on the film.[1] The judge concluded plaintiffs could not recover because defendant had no knowledge and was not notified by plaintiffs that the photographs were the object of intellectual enjoyment.
Relying on LSA-C.C. article 2769, plaintiffs contend that because Fox accepted the film for processing for a fee but lost the valuable photographs, Fox failed to comply with the contract.[2] As a result, plaintiffs claim, they are entitled to damages under LSA-C.C. article 1934(3).[3] Plaintiffs also dispute defendant's claim that Fox's liability was limited by the disclaimer of warranty for lost film printed on the customer's receipt.[4]
*846 We agree that the limitation of liability included in the customer's receipt will not exonerate defendant from liability in the instant case. Defendant has not filed any affidavits or other documents which indicate that the limitation of liability was explained or brought to Mrs. Bowes' attention. Under these circumstances, she was justified in believing the slip of paper was nothing more than a receipt for film deposited with defendant for processing. Lacking specific knowledge of the disclaimer, plaintiffs are not bound by the limitation of liability. See Lawes v. New Orleans Transfer Company, 11 La.App. 170, 123 So. 145 (1929); Marine Ins. Co. v. Rehm, 177 So. 79 (Orl.La.App.1937).
We conclude, as did the trial judge, that because plaintiffs did not notify defendant of the extraordinary value of the photographs on the roll of film, plaintiffs are not entitled to recover nonpecuniary damages. A debtor who has not been guilty of fraud or bad faith is liable only for such damages "as were contemplated, or may reasonably be supposed to have entered into the contemplation of the parties at the time of the contract." LSA-C.C. art. 1934(1).[5] In Meador v. Toyota of Jefferson, Inc., 332 So.2d 433 (La.1976), the Supreme Court denied recovery of non-pecuniary damages for the loss of intellectual enjoyment. The Meador court found that the principal object of the contract for the repair of an automobile, "evident to defendant at the time the contract was entered into," was repair of that automobile. 332 So.2d at 437. The court concluded that Meador was not entitled to recover damages for aggravation, distress and inconvenience caused by the five-month loss of use of her automobile, "because the procuring of intellectual enjoyment, while perhaps an incidental or inferred contemplation of the contracting parties, was not a principal object of the contract to have the car repaired." 332 So.2d at 437.
In the instant case, absent any notification by plaintiff of the extraordinary value of the film to be processed, defendant Fox could neither contemplate nor foresee damages resulting from the deprivation of gratification of intellectual enjoyment. See Galloway v. Tenneco Oil Company, Frees & Laine v. Vollmer & Co., and Plaisance v. Dutton, supra, note 5. The principal object of the contract in this case was not the gratification of intellectual enjoyment, but rather the physical processing of the film. The plaintiffs are not entitled to non-pecuniary damages, and the trial judge properly granted the summary judgment in favor of defendant to that extent.
We do not say that photographs commemorating special occasions or extraordinary events cannot be the objects of intellectual enjoyment. In order for a plaintiff to be recompensed in damages for the loss of such photographs, however, a defendant film processor must be apprised of the value of objects which are the subject of processing.
We distinguish the case of Grather v. Tipery Studios, Inc., 334 So.2d 758 (La.App. 4th Cir. 1976), where we allowed damage for the deprivation of intellectual gratification regarding photographs taken by Tipery Studios. In the Grather case, we concluded that the less-than-professional photographs taken by Tipery deprived the plaintiffs of the enjoyment of photographs commemorating a wedding. The obvious distinguishing facts between the Grather case and the instant one is that in Grather, the plaintiff contracted with defendant to take the photographs as well as to process them; in the instant case the contract was solely for processing of photographs taken by plaintiffs.
Regarding pecuniary damages, however, we reverse and remand. Defendant acknowledged the loss of plaintiffs' roll of film, and offered them an unexposed roll in return for that loss. This position, which acknowledges plaintiffs' entitlement to a *847 judgment, is incompatible with summary judgment, because the trial judge dismissed plaintiffs' suit in toto. Plaintiffs must be given an opportunity to establish their claim, and to prove pecuniary losses, if any, resulting from defendant's action.
Accordingly, we affirm that part of the judgment which dismisses plaintiffs' claim for non-pecuniary losses. We reverse that part of the judgment which dismisses the claim for pecuniary losses. The matter is remanded to the trial court for further proceedings consistent with the foregoing.
AFFIRMED IN PART, REVERSED IN PART AND REMANDED.
LEMMON, Judge, concurs and assigns reasons.
Plaintiffs are undoubtedly entitled to recover, in tort or in contract, the damages occasioned by defendant's loss of the property placed by plaintiffs in defendant's care. The only question is the measure of those damages, and the summary judgment decreeing that plaintiffs are entitled to no damages whatsoever must be reversed.
Since plaintiffs are entitled to some of the items of damages which are claimed, it is preferable in my opinion simply to reverse the summary judgment and to reinstate the suit for trial, rather than to proceed to determine, without a trial on the merits, which items are recoverable and which items are not. In order to avoid piecemeal litigation and a multiplicity of appeals, the appellate courts have fashioned a rule, in reviewing judgments maintaining an exception of no cause of action, that when a petition states a cause of action as to any portion of the demand based on a particular set of facts, the exception should be overruled and the entire case tried on the merits. See, for example, Hero Lands Co. v. Texaco, Inc., 310 So.2d 93 (La.1975). The same rationale should be applied to motions for summary judgment.
When (as in this case) the plaintiffs are entitled to a portion of their demand based on a particular set of facts, and there is no undue burden or expense in submitting the entire demand to trial on the merits, the motion for summary judgment should be denied in order to avoid piecemeal appeals and a multiplicity of suits. If the trial judge believes that one or more particular items of damages are not recoverable, he may exclude evidence as to these items, and the evidence can then be presented as a proffer in order to complete the record. The entire matter can then be reviewed at one time in one appeal.
In my opinion the preferable disposition of this appeal is simply to reverse the summary judgment and to remand the case for further proceedings. But since the case is remanded for trial in part and since evidence as to other items of damage may be offered as a proffer, I simply concur in the result.
LEMMON, Judge, votes to grant the application of plaintiffs for rehearing and assigns reasons.
I would grant plaintiffs' application for rehearing and reverse the judgment entirely so that plaintiffs do not have to apply for certiorari at this time as to the denials of some items of damages. There is no compelling reason in this case why the entire claim should not be presented for review at one time both to this court and to the Supreme Court.
NOTES
[1] In deposition Mrs. Bowes testified that she delivered films to Fox for processing but that she did not explain or tell the Fox employee that the photographs taken on the trip were valuable objects taken by them in connection with their travel to famous European wine vineyards.
[2] LSA-C.C. art. 2769 reads as follows:

"Art. 2769. Contractor's liability for noncompliance with contract.
If an undertaker fails to do the work he has contracted to do, or if he does not execute it in the manner and at the time he has agreed to do it, he shall be liable in damages for the losses that may ensue from his non-compliance with his contract."
[3] LSA-C.C. art. 1934(3) reads as follows:

"Although the general rule is, that damages are the amount of the loss the creditor has sustained, or of the gain of which he has been deprived, yet there are cases in which damages may be assessed without calculating altogether on the pecuniary loss, or the privation of pecuniary gain to the party. Where the contract has for its object the gratification of some intellectual enjoyment, whether in religion, morality or taste, or some convenience or other legal gratification, although these are not appreciated in money by the parties, yet damages are due for their breach; a contract for a religious or charitable foundation, a promise of marriage, or an engagement for a work of some of the fine arts, are objects and examples of this rule.
In the assessment of damages under this rule, as well as in cases of offenses, quasi offenses, and quasi contracts, much discretion must be left to the judge or jury, while in other cases they have none, but are bound to give such damages under the above rules as will fully indemnify the creditor, whenever the contract has been broken by the fault, negligence, fraud or bad faith of the debtor."
[4] The customer's receipt received by plaintiff included the following language:

"The sending of exposed film to us for any purpose will constitute an agreement that if the film is damaged or lost by us, or any subsidiary company, we may replace it with an equivalent amount of unexposed film and that, except for such replacement the handling of exposed film by us for any purpose is without warranty or other liability of any kind."
[5] See also LSA-C.C. art. 1943; Galloway v. Tenneco Oil Company, 313 So.2d 317 (La.App. 4th Cir. 1975), writs refused, 318 So.2d 42; Plaisance v. Dutton, 336 So.2d 1034 (La.App. 2nd Cir. 1976); Frees & Laine v. C. W. Vollmer & Co., 78 So.2d 187 (Orl.La.App.1955).