PONDER, Judge.
This is a suit for the balance of subcontract on a construction job. One of the defendants reconvened for the amount alleged expended to complete plaintiff’s work. The trial court rejected both claims and plaintiff appealed.
The issues are the amount of the contract, substantial performance and the offset of defendant’s reconventional demand.
We amend and affirm.
Plaintiff alleged he had an oral contract with West Side Materials, Inc. and J. R. Cross, the general contractors, to supply the labor and materials for the heating and air conditioning work to be done on a church addition. Plaintiff contends that the parties agreed to a bid of $18,700.00, while defendant, Cross, contends that the amount was $17,600.00. Plaintiff was paid $15,-500.00 for the work he performed.
When the general contractors refused to pay more, plaintiff sued J. C. Hebert, the owner of the West Side Materials, Inc., West Side Materials, Inc., and J. R. Cross. Cross reconvened asking that plaintiff pay the $2,657.00 allegedly spent for completion.
The trial judge stated in oral reasons that he found that there was no meeting of the minds on the price of $18,700.00, that plaintiff did not complete the work and did not sufficiently prove that he could not complete it, and that there was insufficient proof of the amount paid to complete the job. J. C. Hebert was dismissed as a defendant and both plaintiff’s and reconve-nor’s claims were denied.
Plaintiff argues that the trial court erred in holding that the contract price was $17,600.00 rather than $18,700.00. Cross testified that the amount was the lower figure, that the general contractor had received a bid from another contractor for $17,600.00 but that he had agreed with Hebert to allow plaintiff to have the job if he would do it for the same price. We cannot say that the finding that the contract price was $17,600.00 was manifestly erroneous.
Plaintiff did not complete the job. He contends, however, that the general contractor is estopped to claim an offset because of the circumstances.
Plaintiff testified that in March of 1979 he was waiting for the arrival of heaters he had ordered to complete the job. Defendant, Cross, had his attorney write the plaintiff a letter dated April 2, 1979, giving plaintiff 48 hours to finish the remaining work. Plaintiff testified that the heaters came in the same day, and he, his son and a third person installed them the following day. The units could not be turned on and the lines could not be charged with refrigerant because the electricians had not completed the necessary wiring. Plaintiff asked Cross to call him when the electricians were through. He would then complete the job which included charging the units, servicing them, checking for leaks, putting in the return air grills and installing fire dampers and drainage pans.
Cross testified that the heaters were installed prior to the time the demand letter was sent. He also testified that he never called plaintiff, because he saw plaintiff’s son, who worked with plaintiff, at the job-site and informed him that the work could be completed. Plaintiff’s son denied that *409 he was at the site following the installation of the heaters.
The trial court made its finding on conflicting testimony. We cannot say that such a finding was manifestly erroneous. The requirement of “justifiable reliance” for the application of equitable estoppel is absent once this finding is made.
However, if plaintiff substantially performed the work agreed to under the contract, he is entitled to recover the contract price minus the loss proved attributable to the breach of the contract. Merrydale Glass Works, Incorporated v. Merriam, 349 So.2d 1315 (1st Cir. 1977), writ denied 350 So.2d 1211 (La.1977).
Among the factors to be considered in determining whether plaintiff substantially performed the contract are the extent of the defect of the nonperformance, the degree that the purpose of the contract is defeated by nonperformance, the ease of correction of the defect and the benefit derived by the owner from the work performed. Airco Refrigeration Service, Inc. v. Fink, 242 La. 73, 134 So.2d 880 (1961); Henson v. Gonzalez, 326 So.2d 396 (1st Cir. 1976).
Plaintiff testified that the job could have been completed in three to four hours. Jim Barksdale testified that he inspected the job after the heaters were installed by plaintiff and that the remaining work would take six to seven hours to complete. The testimony of the supervising architect indicated that, with all materials delivered at the site and no delays, the entire heating and air conditioning job should have taken from six to eight weeks. We find sufficient evidence that plaintiff substantially performed the contract. He should, therefore, be allowed to recover $17,600.00 less the reasonable cost to complete the work.
The lower court denied defendant’s re-conventional demand for the cost of completion because of lack of evidence. Defendant did not appeal or answer the appeal. This point is, therefore, not before us.
The reconventional demand was for the cost of completion. Since this was not proved, it follows that defendant did not prove the cost of completion as an offset. Plaintiff therefore should be allowed to recover the contract price of $17,600.00, less the amount admittedly paid.
For these reasons, the judgment is amended so as to award plaintiff the sum of $2100.00 plus legal interest thereon from date of judicial demand until paid from West Side Materials, Inc. and J. R. Cross in solido. The judgment is otherwise affirmed. Defendants are cast with all costs.
AMENDED AND AFFIRMED AS AMENDED.