476 So.2d 461 (1985)
Mrs. Alvin P. RHODES, et al.
v.
The CONGREGATION OF ST. FRANCIS De SALES ROMAN CATHOLIC CHURCH, Houma, Louisiana and ABC Insurance Company.
No. 84 CA 0759.
Court of Appeal of Louisiana, First Circuit.
October 8, 1985.
Randall M. Alfred, Marcel, Alfred & Dunchelman, Houma, for plaintiffs and appellants Mrs. Alvin P. Rhodes, et al.
*462 Robert J. Prejeant, Watkins, Walker & Prejeant, Houma, for defendant and appellee The Congregation of St. Francis de Sales.
Before EDWARDS, LANIER and J. COVINGTON, JJ.
JOHN S. COVINGTON, Judge.
Plaintiffs appeal the judgment dismissing, after trial on the merits, their suit for damages against defendants. The issues are: (1) whether plaintiffs have a cause of action in tort based upon defendant's burial, in error, of another body in a crypt purchased for use by one of the plaintiffs; and (2) if so, whether plaintiffs have contractually waived or limited their right to sue in tort for damages arising from defendant's error.
We affirm.
Defendant, The Congregation of St. Frances de Sales Roman Catholic Church, (The Church), a non-profit corporation, is the owner and manager of St. Francis de Sales Cemetery # 2. Defendant, ABC Insurance Company, (ABC), is the alleged liability insurer of the Church.
In 1971, 1974 and 1975, respectively, the Church sold to plaintiffs, Mr. and Mrs. Norman J. Authement, Mrs. Alvin P. Rhodes and Mr. and Mrs. Emile J. Bonvillain, Jr., title to servitudes or easements for burial in vertically adjacent crypts within the cemetery. Mrs. Rhodes is the mother of Mrs. Authement and Mrs. Bonvillain. When Mrs. Rhodes' husband (the father of Mrs. Authement and Mrs. Bonvillain) died in 1981, plaintiffs discovered that another body had been interred by mistake in the crypt to which Mrs. Rhodes held title and in which she had expected to bury her husband. The Church offered Mrs. Rhodes an alternate, more expensive, crypt in another part of the cemetery, at no extra cost, which she accepted. Without further incident, Mr. Rhodes was buried in that crypt the following day.
The Church subsequently extended an offer to the Authements and the Bonvillains, proposing to substitute the crypts they currently hold for crypts horizontally adjacent to the one in which Mr. Rhodes had been interred. The offer was not accepted. Plaintiffs then filed this suit in tort, seeking damages for emotional and psychological trauma caused by the Church's alleged negligence, in that the family group could no longer be assured of burial in proximity to one another in accordance with their original plans. Plaintiffs additionally alleged that the Church's act constituted a tortious conversion. The Church and its alleged liability insurer were joined as defendants. However, as the insurance company never answered plaintiffs' suit[1], the matter proceeded to trial only against the Church. The Church filed a motion for summary judgment, which was denied. Thereafter, the parties agreed to submit the matter on exhibits only for decision on the merits. The trial judge, for written reasons assigned, subsequently rendered judgment in The Church's favor, dismissing plaintiffs' suit at their costs. From that judgment plaintiffs took this appeal.
In this case, it is clear that defendant breached a contractual obligation to Mrs. Rhodes by failing to preserve for her use the burial servitude to which she had purchased title. We do not find a similar breach of contractual duty vis-a-vis the remaining plaintiffs, the Authements and the Bonvillains. Plaintiffs contend, however, that defendant's error constituted a tortious act entitling them all to damages under LSA-C.C. art. 2315.
We agree that the same acts or omissions may well constitute breaches of both a special, contractual, obligation and a general duty of due care. Importsales, Inc. v. Lindeman, 231 La. 663, 92 So.2d 574 (1957); Franklin v. Able Moving & Storage Company, Inc., 439 So.2d 489 (La. App. 1st Cir.1983). We concur in the trial court's determination that plaintiffs' recovery is limited to that specified in the agreements between the parties.
*463 It is axiomatic that contracts legally entered into have the effect of law upon those who have framed them and that in interpreting a contract, a court is required to give legal effect thereto according to the true intent of the parties. Such intent is to be determined by the words of the agreement when they are clear and explicit and lead to no absurd consequences. Leenerts Farms, Inc. v. Rogers, 421 So.2d 216 (La. 1982); Hood v. Ashby Partnership, 446 So.2d 1347 (La.App. 1st Cir.1984). A party may, under some circumstances, legally contract against liability for his own negligence or for a limitation on recoverable damages, but such an agreement must clearly indicate the intention of the parties. LSA-C.C. art. 11; Elephant, Inc. v. Hartford Accident & Indemnity Co., 239 So.2d 692 (La.App. 1st Cir.1970). Whether the agreements between the parties herein contain such limitations on claims based on defendant's negligence in making an error in an interment depends upon the interpretation of the agreements.
The titles which plaintiffs received from defendant all contained the following provisions:
This conveyance is subject to all civil laws and ordinances now or hereafter in effect and to the Charter, by-laws, rules and regulations of the ST. FRANCIS # 2 CEMETERY, now or hereafter in effect and is subject to laws, usages, and discipline of the ROMAN CATHOLIC CHURCH and the ARCHDIOCESE OF NEW ORLEANS, all of which form conditions of this transfer as if set forth herein, `in extenso'.
A copy of the Rules and Regulations governing all Catholic cemeteries within the Archdiocese of New Orleans, adopted August 17, 1966 and remaining in full force and effect at all pertinent times herein, was admitted into evidence. Section VI of the Rules and Regulations provides as follows:
CORRECTION OF ERRORS
The Management reserves, and shall have the right to correct any errors that may be made by it either in making interment, disinterments or removals, or in the description, transfer or conveyance of any interment rights or plot, either by cancelling such conveyance and substituting and conveying in lieu thereof other interment rights or plot of equal value and similar location as far as possible, as may be selected by the Management, or, in the sole discretion of the Management, by refunding the money paid on account of said purchase. In the event any such error shall involve the interment of the remains of any person in any plot, the Management reserves, and shall have, the right to remove and reinter the remains in such other plot of equal value and similar location as may be substituted and conveyed in lieu thereof.[2]
Plaintiffs do not dispute that the rule quoted above is applicable to the St. Francis # 2 Cemetery and was incorporated by reference into the contracts conveying burial rights in the crypts in question to plaintiffs. However, plaintiffs contend that the trial court erred in holding that this "correction of errors" clause provides their only remedy under these circumstances, abolishing or limiting their right to sue in tort for damages for mental anguish caused by defendant's negligence.
The language of the provision in question clearly indicates that in the event of an error such as took place in this case, whether or not such was the result of negligence imputable to the defendant or the result of some fortuitous event, a cryptholder's sole remedy is to accept either a substitute crypt of equal value and similar location (to the best of defendant's ability to provide such), or, in defendant's discretion, a refund of the money paid. The language of this provision clearly indicates an intent that this alternative constitutes plaintiffs' sole remedy in the event of precisely the error such as occurred here, precluding a claim in tort for damages.
Plaintiffs admit that Mrs. Rhodes has already accepted a substitute crypt of *464 greater value, and that defendant had offered the Authements and Bonvillains adjacent crypts of equal or greater value, albeit in a location plaintiffs find less desirable than their original choice.
For these reasons, we affirm the judgment of the trial court in favor of defendant, the Congregation of St. Francis de Sales Roman Catholic Church, Houma, Louisiana, dismissing the plaintiffs' suit. Costs of this appeal to be paid by plaintiff-appellants.
AFFIRMED.
NOTES
[1] There is no indication in the record that the insurance company was ever served.
[2] See LSA-R.S. 8:813, which statutorily provides substantially the same as Section VI.