JiSEXTON, Judge.
This is an appeal from a judgment granting defendant’s motion for summary judgment and exception of No Right and/or No Cause of Action. For the reasons expressed herein, we affirm.
On June 20, 1977, Mr. and Mrs. Alvin Saveli (hereinafter “Savelis”) entered into a contract to purchase cemetery plot 43-C, sites 1 and 2 from Centuries Memorial Park, Inc. (hereinafter “Centuries”). Mrs. Saveli died on May 22,1989, and was buried on May 24, 1989.[1] Allegedly, in April of 1992, Alvin Saveli asked employees of Centuries to place the grave marker in the center of the grave site, plot 43-C, site' 1. When employees of Centuries executed these instructions, they discovered that the marker was located on plot 43-D, site 1.. The workers then removed the marker to plot 43-C, site 1, but upon further investigation, discovered that Mavis Saveli was actually interred in plot 43-D, site 1. Defendant claims that Mrs. Saveli was interred and remains in plot 43-D, site 1. Plaintiffs contend to not know the actual location of Mrs. Saveli, suggesting that they were informed by Centuries employees that Mrs. Saveli was buried in the wrong plot, but that a casket was discovered in plot 43-C, site 1, as well.
As a result of this circumstance, Mr. Saveli filed suit on October 16,1992, for non-peeuni-ary damages and emotional distress caused by defendant’s breach of contract and negligence. Affiliated Enterprises, Inc. (hereinafter “Affiliated”) described by plaintiff as “owner of Centuries Memorial Park” was the only named defendant. On July 7, 1993, an amending petition was filed by plaintiff, adding the Saveli children as party plaintiffs to the action.
Affiliated filed an exception of prescription relating to the amended petition, claiming that it was untimely, and an exception of no right or cause of action arguing |2that the children were not parties to the contract between Centuries and the Savelis and therefore had not right or cause of action against defendant.
Affiliated also filed a motion for summary judgment or, in the alternative, a motion for partial summary judgment relating to both the petition of Alvin Saveli and the amended petition of the children, citing the provisions of LSA-R.S. 8:658, which provide a preemptive period of one year from the date of interment within which plaintiffs may sue for damages in tort for the wrongful placement of a casket in a plot other than the one purchased.
The Savelis filed a motion for partial summary judgment on August 27, 1993, limited to the issue of the liability of Affiliated. Affiliated filed an opposition to plaintiffs’ motion for partial summary judgment coupled *467 ■with a peremptory exception of no cause of action, claiming that Affiliated, being a “separate organization and corporation” had no “privity” of contract with the Savelis who therefore had no right of action against Affiliated.
The trial court granted Affiliated’s motion for summary judgment based upon the provisions of LSA-R.S. 8:658. The court denied Affiliated’s exception of prescription as to the children, but granted its exception of no right or cause of action finding that the children were not a party to the contract between Centuries Memorial and the Savelis. Consistent therewith, the court denied plaintiffs motion for partial summary judgment.
Plaintiffs appeal, arguing error in the granting of Affiliated’s motion for summary judgment and the granting of Affiliated’s exception of no cause or no right of action.
Relevant to the issue of no cause of action, plaintiffs argue that the Saveli children do possess a right of action against defendant, due to their position as descendants of Mavis Saveli. They assert that under the provisions of LSA-C.C. Art. 2315, damages include loss of consortium, service, and society and are recoverable by the same class of persons who would have a cause of action in a wrongful death action, ^including descendants. Plaintiffs also submit that they are entitled to damages "for mental anguish even though they are not parties to the contract due to the unique nature of the circumstances involving “sacred ground” and the grave of a family member which gives rise to a “species of interest” in this litigation.
Plaintiffs next assert that the trial court erred in granting defendant’s motion for summary judgment, claiming that there remains a material issue of fact to be resolved based upon the terms of the contract entered into between the Savelis and Centuries Memorial. They contend that the language in the contract may be construed to include care of the remains, thereby rendering inapplicable the provisions of LSA-R.S. 8:658.
Defendant has answered the appeal and requests reservation of any exceptions or defenses which might be available to it.
We first address the issue of the granting of defendant’s summary judgment. The trial judge determined that the contract entered into between the Savelis and Centuries addressed only the care of the plot and not the remains of the deceased. In granting defendant’s motion for summary judgment, the court applied the provisions of LSA-R.S. 8:658 which read as follows:
No action shall lie against any cemetery authority relating to the remains of any person which had been left in its possession for a period of one year, unless a written contract has been entered into with the cemetery authority for the care of such remains.
Appellate courts should review the granting of a summary judgment de novo under the same criteria governing the trial court’s consideration of whether a summary judgment is appropriate. Tugwell v. State Farm Insurance Co., 609 So.2d 195 (La. 1992); Schroeder v. Board of Supervisors of Louisiana State University, 591 So.2d 342 (La.1991). Under LSA-C.C.P. Art. 966, a motion for summary judgment should be granted only if the pleadings, depositions, answers to interrogatories, admissions on file, and affidavits show there is no genuine issue as to material fact and mover is entitled to judgment as a matter of law.
The court determined that based upon the pleadings, answers to interrogatories, admissions on file, and affidavits, Mrs. Saveli was buried in the wrong plot on May I424, 1989, and that this suit was filed some three-and a half years later. The court reviewed the contract entered into between the Savelis and Centuries Memorial and determined that the contract did not contemplate that the parties agreed to the care of the “remains” as contemplated by the provisions of LSA-R.S. 8:658. Consequently, the court determined that plaintiffs actions were barred under that provision. Further, the court, citing Rhodes v. Congregation of St. Francis De Sales Roman Catholic Church, 476 So.2d 461 (La.App.1st Cir.1985), determined that the contractual agreement between the parties which limited plaintiffs remedies to *468 those provided in LSA-R.S. 8:813,[2] precluded a claim in tort for damages. Based upon this analysis, the court granted defendant’s motion for summary judgment.
Where the words of a contract are clear, explicit, and lead to no absurd consequences, the contract must be enforced as written. Franklin State Bank & Trust Co., Inc. v. Herring, 608 So.2d 643 (La.App.2d Cir.1992) writ denied, 610 So.2d 800 (La. 1993); Horton v. Mobley, 578 So.2d 977 (La. App.2d Cir.1991); writ denied, 582 So.2d 1310 (La.1991).
In this ease, the language of the contract clearly contemplates that Centuries agreed to maintain and care for its park property only. This language cannot be construed to include the care of the “remains” as plaintiffs so argue. These provisions are clear and unambiguous. Accordingly, pursuant to the provisions of LSA-R.S. 8:658 and, as a matter of law, plaintiffs had one year from the date of interment to file this action. Because plaintiffs have failed to do so, defendant is entitled to summary judgment as a matter of law.
Having determined that the defendant is entitled to summary judgment as a matter of law, we affirm the judgment of the trial court dismissing the demands of IsAlvin Saveli. In keeping therewith, we amend the judgment dismissing the demands of the Saveli children, James A. Saveli, Kelly D. Saveli, Sherri Saveli, Lisa Todd, and Rhonda S. Spigener, to likewise grant summary judgment dismissing the aforesaid plaintiffs’ demands with prejudice. This disposition allows us to pretermit any remaining issue in the case, to include plaintiffs’ contentions with respect to the exception of no cause or right of action.
The judgment appealed is affirmed at appellants’ cost.
AFFIRMED.

. There is some confusion in the record relevant to the date of death of Mavis Saveli. The trial judge accepted the date of May 22, 1989, as the date of death, and May 24, 1989, as the date of interment for the purposes of its judgment. Defendant claims that the actual date of death as reflected by the death certificate, was May 22, 1990, and the date of interment May 24, 1990. Plaintiffs have submitted May 22, 1989, as the date of death. For purposes of this opinion, we accept May 22, 1989 as the date of death.

. The provisions of LSA-R.S. 8:813 provide:
A cemetery authority shall have the right to correct any and all errors that may occur in or in connection with the operation of the cemetery, including without limitation those involv-mg or in connection with the making of an interment.... If an error involves an interment, the cemetery authority shall have the right to remove and transfer the remains that are involved.