GARTER, Judge:
Plaintiffs appeal the judgment of the trial court dismissing a portion of their suit on an exception of prescription.
On March 17, 1978, Thomas and Mary Arceneaux entered into a purchase agreement for a house with Herbert and Vera Courtney. The purchase agreement provided as follows:
“Owner to furnish termite certificate by bonded firm. If termite damage or infestation exists, owner shall have privilege of repairing same at his expense.”
By act of sale dated May 9, 1978, the Arceneauxs purchased the house from the Courtneys. Termite infestation and damage resulting therefrom were discovered on September 18, 1981.
On August .19, 1982, the Arceneauxs filed suit against the Courtneys, William Dedon, d/b/a Bruce-Terminix Company, Terminix International, Inc. and Maryland Casualty Company for damages due to termite infestation. An exception of prescription filed on behalf of the Courtneys was sustained by the trial court.
On appeal plaintiffs argue that the trial court erred in sustaining the exception of prescription.
The issues presented on appeal are: (1) whether plaintiffs’ petition alleges an action for breach of contract in addition to an action for breach of warranty; and (2) whether plaintiffs should be allowed an opportunity to amend their petition to allege bad faith on the action for breach of warranty.

Claim for Breach of Contract

Plaintiffs argue that the trial court erred in failing to recognize that their petition states not only a cause of action for a breach of warranty based on the contract of sale, but that it also states a cause of *198 action for breach of contract based on the March 17, 1978, purchase agreement. Plaintiffs further argue that because the prescriptive period for breach of contract is ten years, the trial court erred in sustaining the exception of prescription as to this cause of action.
The allegations and prayer of the petition determine the true nature of the action and the applicable prescriptive period. Aetna Life & Cas. Co. v. Dotson, 346 So.2d 762 (La.App. 1st Cir.1977), writ denied, 349 So.2d 1272 (La.1977); American Insurance Co. v. Hartford Acc. & Indem. Co., 198 So.2d 757 (La.App. 1st Cir.1966), application not considered, 250 La. 735, 199 So.2d 179 (La. 1967).
Plaintiffs’ petition alleges the following:
“5.
On March 17, 1978 BUYERS and SELLERS entered into an Agreement to Purchase, a copy of which is attached hereto and made a part hereof ...
6.
Under the terms and conditions of the above stated Agreement to Purchase, SELLERS agreed that if termite damage or infestation existed in the property at the time of the sale that SELLERS would have the privilege of repairing same at their expense.
[[Image here]]
10.
Subsequent to the above stated sale, on or about September 18, 1981, BUYERS discovered for the first time active termite infestation and extensive property damage to the property which had been caused by termites, and which had existed prior to and at the time of the sale.”
The pleadings quoted above allege the existence of a contract (i.e. purchase agreement) between the parties, the terms of the contract, and a breach of the contract by the Courtneys. These allegations are sufficient to state a cause of action for breach of contract based on the purchase agreement. The applicable prescriptive period for such an action is ten years. LSA-C.C. art. 3544. Therefore, we find that the trial court erred in sustaining the exception of prescription as to the breach of contract action.

Amendment of Petition on Claim for Redhibition

The second cause of action asserted by plaintiffs is for breach of warranty of the act of sale. Plaintiffs argue that the trial court erred when it did not allow them an opportunity to amend their petition to allege bad faith on the part of the Court-neys'. Plaintiffs further argue that if allowed to amend their petition to allege bad faith, the applicable prescriptive period would begin to run from the date of discovery of termite infestation (September 18, 1981), rather than the date of the sale (May 9, 1978), and their claim in redhibition would not have prescribed.
In general, a redhibitory action prescribes one year from the date of the sale, unless the seller had knowledge of the vice and neglected to declare it to the purchaser. LSA-C.C. art. 2534. If the seller has knowledge of the defect and fails to declare it, the one year period for filing the redhibi-tory action then runs from the date of discovery of the vice by the purchaser. LSA-C.C. art. 2546; Smith v. Cupples Real Estate, Inc., 412 So.2d 682 (La.App. 2nd Cir.1982).
In this case more than one year elapsed between the date of purchase of the house and the date suit was filed. Therefore, on the face of the petition the claim for redhi-bition had prescribed. However, when a peremptory exception of prescription is sustained, the party whose action is thereby dismissed must be given an opportunity to amend the petition, if the grounds supporting the exception can be removed by amendment. If the grounds of objection cannot be so removed, or if the party cast fails to comply with an order to amend, the action should be dismissed. LSA-C.C.P. art. 934. H & H Boat Rental, Inc. v. Vidos, 225 So.2d 308 (La.App. 1st Cir.1969).
*199 We find that the trial court should have granted plaintiffs a reasonable opportunity to amend their petition to allege bad faith, and, if possible, to cure the defect in question.
For the above and foregoing reasons, it is ordered that the judgment sustaining the exception of prescription as to the breach of contract action is reversed. In addition, the case is remanded to the trial court to afford plaintiffs the opportunity to amend their petition. Costs are to be paid by defendant-appellees, Herbert and Vera Courtney.
REVERSED in part; REMANDED.