612 So.2d 783 (1992)
UNITED GAS PIPE LINE COMPANY
v.
CARGILL, INC.
No. 91 CA 2099.
Court of Appeal of Louisiana, First Circuit.
December 23, 1992.
*784 Robert P. Hutchinson, and B. Richard Moore, Jr., New Orleans, for plaintiff-appellant United Gas Pipe Line Co.
Frank X. Neuner, Jr., Lafayette, for defendant-appellee Cargill, Inc.
Before CARTER and LeBLANC, JJ., and CHIASSON, J. Pro Tem.[1]
CARTER, Judge.
This is an appeal from a judgment dismissing plaintiff's claims on the grounds of prescription.

FACTS
On April 29, 1959, Belle Isle Corporation ("Belle Isle") granted United Gas Pipe Line Company ("United") a pipeline right-of-way and servitude across Belle Isle's property in St. Mary Parish, Louisiana. The right-of-way was recorded in the conveyance records of St. Mary Parish on August 31, 1959.
On June 28, 1960, Belle Isle entered into a salt and surface lease with Cargill, Inc. ("Cargill"), which was amended on July 17, 1969, and again on January 1, 1973. The *785 lease specifically provided that Cargill would not interfere with United's operations and that United's approval was required as to location, manner, and extent of Cargill's operations. The lease further provided that Cargill would hold Belle Isle harmless for all claims for damages or injuries arising out of or connected with any of Cargill's operations. The lease further provided that nothing contained in the lease "shall inure in any way to the benefit of anyone who is not a party hereto or who is not a successor or assign of a party hereto."
By letter dated May 21, 1984, Cargill notified United that it had ceased operation of the mine and that it had been advised by Sun Exploration and Production Company that the area in the vicinity of the salt mine had experienced significant subsidence. United then inspected the pipeline and discovered that the subsidence of the surrounding land would require relocation of the pipeline.
United allegedly entered into a verbal agreement with Cargill wherein Cargill agreed to reimburse United for its relocation costs. United then relocated its pipeline and demanded reimbursement from Cargill, but Cargill refused to pay United.
On August 3, 1990, United filed the instant suit against Cargill seeking reimbursement for the expenses United incurred in relocating its pipeline. United's petition asserted claims in both tort and contract against Cargill. As to its tort claim, United alleged that the subsidence of the land in the vicinity of the pipeline was caused by Cargill's operation of a salt mine located on Belle Isle and that Cargill was liable for the costs associated with the relocation of United's pipeline. As to the contract claims, United alleged that it is a third party beneficiary of a stipulation pour autrui contained in Cargill's lease with Belle Isle. United also alleged that, after the subsidence occurred, but before United relocated its pipeline, Cargill orally agreed to pay United's relocation expenses.
On October 11, 1990, Cargill filed the peremptory exception raising the objection of prescription contending that United's cause of action in tort had prescribed and that the ten-year prescriptive period applicable to actions for breach of contract did not apply to United's claims. Cargill argued that there was no oral contract between Cargill and United and that the lease between Belle Isle and Cargill did not contain a stipulation pour autrui in favor of United.
Oral arguments were heard on August 23, 1991, and the trial judge signed a judgment maintaining Cargill's exception pleading the objection of prescription on September 3, 1991. The court then dismissed United's claims finding that they were delictual in nature and that the one-year prescriptive period had run. United appeals this judgment, contending that the trial court erred in dismissing the contract claims of United on the grounds of prescription.

APPLICABLE PRESCRIPTIVE PERIOD
United contends that, in sustaining the exception pleading the objection of prescription, the trial court failed to consider the breach of contract claims asserted in its petition.
We first note that the burden of proving an exception pleading the objection of prescription is on the party asserting it. Pearson v. Hartford Accident & Indemnity Company, 281 So.2d 724, 726 (La.1973); Provident Life and Accident Insurance Company v. Turner, 582 So.2d 250, 254 (La.App. 1st Cir.1991). Furthermore, prescriptive statutes are strictly construed, and where there are two possible constructions, the one which favors maintaining the action should be adopted. Foster v. Breaux, 263 La. 1112, 270 So.2d 526, 529 (1972); Provident Life and Accident Insurance Company v. Turner, 582 So.2d at 254.
Louisiana jurisprudence is clear that the allegations of the petition determine the true nature of the action and the appropriate prescriptive period. Arceneaux v. Courtney, 448 So.2d 197, 198 (La. App. 1st Cir.1984). In certain circumstances, the same acts or omissions may constitute breach of both general duties *786 and contractual duties and may give rise to both actions in tort and actions in contract. In such cases, the applicable prescriptive period is determined by the character which plaintiff gives his pleadings and the form of his action. Federal Insurance Company v. Insurance Company of North America, 262 La. 509, 263 So.2d 871, 872 (1972); Stephens v. International Paper Company, 542 So.2d 35, 38 (La.App. 2nd Cir.1989). However, the rule that the allegations and the prayer of a petition govern the nature of the action asserted is not without limitation. The courts are not obligated to ascribe to an action the nature or character indicated by the prayer of the plaintiff's petition when the relief requested is unsupported by factual allegations establishing plaintiff's legal entitlement to the remedy sought. Stephens v. International Paper Company, 542 So.2d at 38; Schouest v. Texas Crude Oil Co., 141 So.2d 155, 160-61 (La.App. 1st Cir.1962).
In the instant case, United's petition alleged that the Cargill lease contains a stipulation pour autrui favoring United. The lease specifically provided that Cargill was not to interfere with United's right-of-way, and United's petition claims that Cargill breached this contractual obligation by interfering with United's servitude and causing damage. The petition also alleged that Cargill breached its obligations under the lease rendering it liable to United for all damages. Furthermore, the petition alleged that Cargill breached its promise to pay for these damages pursuant to a 1984 oral agreement.
United's petition sets forth ample factual allegations regarding the possible existence of a stipulation pour autrui in the lease contract and of an oral contract between the parties as well as the alleged breach of such obligations. United's pleadings, supported by factual allegations which suggest but do not determine its legal entitlement to the remedy sought, set forth an action in contract. Where the pleadings state a cause of action in contract the applicable prescriptive period is ten years. Arceneaux v. Courtney, 448 So.2d at 198.
At this juncture, it appears that United's actions in contract have not prescribed. The alleged breach of contract claims arose in 1983 and 1984, and United's filing suit in 1990 is within the ten-year prescriptive period applicable to actions in contract. However, much of the evidence necessary for a determination of the issue of prescription is the same evidence required to determine the merits of the instant case. Testimony and documentary evidence may clarify the issues and help resolve the legal questions involved herein. Where it is determined that evidence adduced at trial will be needed or helpful in rendering judgment on an exception, the exception pleading the objection of prescription may be referred to the merits. See Short v. Jones, 457 So.2d 201 (La.App. 2nd Cir.), writ denied, 460 So.2d 606 (La. 1984), wherein the trial judge, in determining the applicable prescriptive period, referred the exception to the merits because the testimony to be taken on the peremptory exception would have been nearly the same testimony as that taken at trial.
Based upon the record presented to this court and the present posture of the case, we find that the trial court erred in maintaining the exception raising the objection of prescription as to United's contract claims.

CONCLUSION
For the reasons stated herein, we reverse that portion of the trial court judgment maintaining the peremptory exception pleading the objection of prescription as to the alleged contract claims. The trial court judgment is affirmed insofar as it maintains the peremptory exception pleading the objection of prescription with regard to United's delictual action. The case is remanded to the district court for further proceedings consistent with the views expressed herein. The assessment of the costs of this appeal is to await a final determination of the case.
AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.
NOTES
[1] Judge Remy Chiasson, retired, is serving as judge pro tempore by special appointment of the Louisiana Supreme Court.