# NOT DESIGNATED FOR PUBLICATION

## STATE OF LOUISIANA

## COURT OF APPEAL

## FIRST CIRCUIT

## 2023 CA 0114

### KPAX, LLC D/B/A MID CITY BEER GARDEN

### VERSUS

### VIKING CONCRETE FLOORS, LLC AND JEREMY ROWE

*DATE OF JUDGMENT:* **SEP 1 5 2023**

ON APPEAL FROM THE NINETEENTH JUDICIAL DISTRICT COURT
PARISH OF EAST BATON ROUGE, STATE OF LOUISIANA
NUMBER 721324, SECTION 31

HONORABLE TIFFANY FOXWORTH-ROBERTS, JUDGE

\* \* \* \* \* \*

Edward J. Laperouse, II
Christopher M. Patin
Bethany Breaux Percle
Danny C. Picuo, Jr.
Baton Rouge, Louisiana

Counsel for Plaintiff-Appellee
KPAX, LLC d/b/a Mid City Beer
Garden

Sharon B. Kyle
Sebastian C. Ashton
Danny Charles Picou, Jr.
Baton Rouge, Louisiana

Counsel for Defendant-Appellant
Jeremy Rowe

\* \* \* \* \* \*

BEFORE: GUIDRY, C.J., CHUTZ, AND LANIER, JJ.

Disposition: **REVERSED AND REMANDED.**

**CHUTZ, J.**

Defendant, Jeremy Rowe, the sole member of Viking Concrete Floors, LLC (Viking) appeals a final default judgment holding him liable *in solido* with Viking for damages allegedly resulting from poor workmanship by Viking in performing work for plaintiff, KPAX, LLC d/b/a Mid City Beer Garden (Mid City). We reverse and remand.

## FACTUAL AND PROCEDURAL BACKGROUND

On November 4 and December 6, 2021, Viking (a foreign limited liability company) entered into written contracts with Mid City to perform certain work on the floors at Mid City's commercial property in Baton Rouge, Louisiana. Viking was contracted to remove the existing floor sealers and to reapply a product provided by Viking "to enhance the floor finish, and in certain areas, improve the flooring surface friction." The total price of the two contacts was $11,019.00, of which Mid City paid a deposit of $3,673.00.

Viking performed the contracted work on January 4-5, 2022. In March 2022, Viking received a demand letter from Mid City's attorneys claiming the work performed by Viking was defective and demanding correction of the defects. Mid City withheld payment of the remaining $7,346.00 due under the contracts. Thereafter, on July 19, 2022, Mid City filed suit naming Viking and Mr. Rowe as defendants. Mid City alleged Viking's work was deficient in numerous respects including that it exposed unsightly aggregates in the concrete not previously evident, it created a slippery floor surface resulting in an unsafe condition for patrons and employees, and the product applied on the floors was peeling and flaking in multiple locations throughout the property. Mid City contended it would incur expenses, consequential damages, court costs, and attorney fees of not less than $133,240.75 as a result of Viking's breach of contract and negligence.

2

After being served on August 29, 2022, Mr. Rowe failed to file an answer or any other responsive pleading. On September 27, 2022, Mid City filed a motion for default judgment against Mr. Rowe.[1] To establish its claim against Mr. Rowe, Mid City filed the affidavit of Mid City's owner-agent Brian Baiamonte. In his affidavit, Mr. Baiamonte stated that Viking's defective work has required Mid City to incur expenses of $3,601.71 in purchasing slip and fall mitigation supplies (*e.g.*, anti-slip mats and carpets) in order to prevent slip and fall injuries. He further deposed that Mid City would be required to spend not less than $44,000.00 to repair Viking's defective work and would lose not less than $78,049.50 in sales revenues and $2,250.00 in food spoilage during the approximately ten-day period Mid City would have to be shut down while repairs were performed. Lastly, Mr. Baiamonte asserted Mid City has incurred $11,123.65 in attorney fees, part of which was to defend against a slip and fall claim that resulted from the hazardous floor condition created by Viking's defective work.

On October 6, 2022, the district court granted Mid City's motion and signed a final default judgment in favor of Mid City and against Mr. Rowe. The judgment held Mr. Rowe liable *in solido* with Viking in the amount of $133,240.75, plus $11,123.65 for attorney fees, court costs, and legal interest compounded annually from the date of judgment.[2] Mr. Rowe has now appealed. In four assignments of error, he argues the district court erred in finding Mid City established a *prima facie*

---

[1] Viking was served with Mid City's petition on July 27, 2022, and also failed to file an answer. Mid City filed a separate motion for default judgment against Viking. On September 1, 2022, the district court rendered a final default judgment in favor of Mid City and against Viking in the amount of $133,240.75, plus attorney fees in the amount of $7,851.54, all court costs, and judicial interest compounded annually from the date of judgment. The judgment against Viking is not part of this appeal; nor is Viking a party to the instant appeal.

[2] The district court granted the default judgment against Mr. Rowe without holding a hearing in open court. Pursuant to La. C.C.P. arts. 1702(B)(1) and (C) and 1702.1, in certain instances, including a suit on a conventional obligation, a district court has discretion to grant a motion for default judgment without holding a hearing in open court if certain requirements are met. Given our disposition of this appeal on other grounds, we express no opinion regarding whether it was appropriate for the district court to grant a default judgment without a hearing under the circumstances of this case.

3

case proving the existence and validity of its claims, in holding him personally liable *in solido* with Viking, in awarding attorney fees when none were authorized by statute or contract, and in awarding judicial interest and imposing *in solido* liability with Viking when Mid City did not pray for such relief in its petition.

## DISCUSSION

On appeal, Mr. Rowe argues Mid City failed to present admissible and competent evidence establishing a *prima facie* case proving the existence and validity of its claims. He contends the affidavit of Mr. Baiamonte, which was the only evidence Mid City presented to establish its claims, was an "unsupported, self-serving affidavit" containing "inexact and speculative figures" for the damages allegedly sustained. Mr. Rowe further contends that, being merely a member of Viking, an LLC, there was no evidence presented, or even allegations made against him, which would support a personal judgment against him in this case. We agree.

In order to obtain a default judgment, a plaintiff must establish the elements of *a prima facie* case with competent and admissible evidence, as fully as though the defendant had denied each of the allegations in the petition. The plaintiff must present competent evidence that convinces the court it is probable he would prevail on a trial on the merits in proving both the existence and the validity of his claim. La. C.C.P. art. 1702(A); *Arias v. Stolthaven New Orleans, L.L.C.*, 08-1111 (La. 5/5/09), 9 So.3d 815, 820; *Sessions & Fishman v. Liquid Air Corporation*, 616 So.2d 1254, 1258 (La. 1993). Although there is a presumption that a default judgment is supported by sufficient evidence, this presumption may be rebutted by the record upon which the judgment is rendered. **Id.** In reviewing a default judgment, the appellate court is restricted to determining the sufficiency of the evidence offered in support of the judgment. This determination is a factual one governed by the manifest error standard of review. *Arias*, 9 So.3d at 818.

4

In this case, even assuming *arguendo* that Mr. Baiamonte's affidavit, including his assertion that defects appeared shortly after Viking completed the flooring work, was sufficient to establish a breach of contract by Viking, the evidence presented was clearly insufficient to establish a *prima facie* case for the damages claimed. In a breach of contract suit, the plaintiff has the burden of proving any damage it suffered as a result of the alleged breach. In cases where a party must obtain the services of another to complete the contractual obligations of the breaching party, damages are assessed based on the loss sustained and any profit of which the non-breaching party is deprived. La. C.C. arts. 1995 and 2769; *L & A Contracting Co., Inc. v. Ram Indus. Coatings, Inc.*, 99-0354 (La. App. 1st Cir. 6/23/00), 762 So.2d 1223, 1235, writ denied, 00-2232 (La. 11/13/00), 775 So.2d 438. The plaintiff must prove actual damages, however, and cannot merely claim damages based on speculation or conjecture. It must appear reasonably certain that the amount of damages sought by the plaintiff rests upon a certain basis. See *Payphone Connection Plus, Inc. v. Wagners Chef, LLC*, 19-0181 (La. App. 4th Cir. 7/31/19), 276 So.3d 589, 598.

In his affidavit, Mr. Baiamonte claimed Mid City had already incurred $3,601.71 in slip and fall mitigation expenses due to the hazardous condition created by Viking's poor workmanship. No receipts or invoices for these alleged expenditures were provided to the court, however. Mr. Baiamonte also claimed it would cost Mid City not less than $44,000.00 to repair the floors, and it would lose at least $78,049.50 in sales revenues and $2,250.00 in food spoilage during a forced ten-day closure. Despite these claims, Mr. Baiamonte's affidavit lacked any detail, specificity, or explanation as to how these sums were calculated or why it would be necessary for Mid City to be closed for ten days for repairs when the initial contract work was completed in two days.

5

Mr. Baiamonte's affidavit merely makes conclusory allegations as to the amounts of damages Mid City allegedly sustained. Mid City provided no other evidence to establish the claimed damages. Our review of the record reveals Mid City failed to present evidence establishing a reasonable basis for the damages awarded by the district court.[3] There is nothing in the record to show these damages were based on anything other than speculation and conjecture. See *Payphone Connection Plus, Inc.*, 276 So.3d 598. Accordingly, because Mid City failed to make a *prima facie* case establishing its damages, an essential element of its claim, the district court erred in granting a final default judgment in favor of Mid City.

Additionally, as Mr. Rowe correctly contends, the district court also erred in finding Mid City presented a *prima facie* case supporting a judgment against him personally. LLCs and their members are considered wholly separate entities. La. C.C. art. 24: *Charming Charlie, Inc. v. Perkins Rowe Associates, L.L.C.*, 11-2254 (La. App. 1st Cir. 7/10/12), 97 So.3d 595, 598. Generally, members of a LLC may not be assessed with personal liability for the debts, obligations, or liability of the LLC. See La. R.S. 12:1320(B); *Wilson v. Two SD, LLC*, 15-0959 (La. App. 1st Cir. 12/23/15), 186 So.3d 103, 114. Under La. R.S. 12:1320(D), there are only certain "narrowly defined circumstances" under which a member of a LLC may be held personally liable. Specifically, the limitation of liability normally extended to a LLC member is inapplicable if the member: (1) engages in fraud; (2) commits a negligent or wrongful act; or (3) breaches a professional duty. *Wilson*, 186 So.3d at 114.

---

[3] Similarly, Mid City failed to support its claim for attorney fees with any invoices or other documentation. Regardless, the award of attorney fees was also erroneous because there was no basis for an award of attorney fees to Mid City either by statute or under the contracts between the parties. While the contracts did provide for Mid City to pay Viking attorney fees in the event collection of the contract price was necessary, the contracts did not provide for Mid City to receive attorney fees from Viking. In Louisiana, an award for attorney fees is not allowed except when authorized by statute or contract. *Sher v. Lafayette Insurance Company*, 07-2441 (La. 4/8/08), 988 So.2d 186, 201.

6

The fraud exception is inapplicable herein because Mid City's petition contains no allegations of fraud against Mr. Rowe. Moreover, to impose personal liability on a member under the tort or wrongful act exception, the member must owe a duty to the plaintiff that does not arise under the contract between the plaintiff and the LLC. *Wilson*, 186 So.3d at 114-15. To do otherwise would negate the general rule of limited liability established by La. R.S. 12:1320. See *Nunez v. Pinnacle Homes, L.L.C.*, 15-0087 (La. 10/14/15), 180 So.3d 285, 295. In this case, Mid City has not showed Mr. Rowe owed any duty to it that arose outside of its contracts with Viking. A showing of poor workmanship in performing a contract, in and of itself, is insufficient to establish a "negligent or wrongful act" within the meaning of La. R.S. 12:1320(D). *Wilson*, 186 So.3d at 115.

The final exception provided by La. R.S. 12:1320(D) is the breach of a professional duty by a LLC member. This exception has been interpreted to apply only to one engaged in a profession specifically identified in Title 12 of the Louisiana Revised Statutes (*e.g.*, lawyers, physicians, dentists, accountants, etc.).[4] *Wilson*, 186 So.3d at 115. Contractors, including flooring contractors such as Mr. Rowe, are not members of a profession identified in Title 12. Therefore, Mid City failed to establish the breach of a professional duty exception was applicable herein. See *Nunez*, 180 So.3d at 292.

Nevertheless, Mid City argues the corporate veil should be pierced and Mr. Rowe should be held personally liable because Viking failed to conduct its business on a corporate footing. In particular, Mid City points out that Viking failed to follow the statutory requirements of La R.S. 12:1350.1 and 12:1354, which require LLCs to file an annual report. In support of its claims, Mid City attached a printout from the Louisiana Secretary of State's office indicating Viking's status was active, but it

---

[4] See La. R.S. 12:801 et seq.; La. R.S. 12:901 et seq.; La. R.S. 12:981 et seq.; and La. R.S. 12:1011 et seq.

7

was not in good standing due to its failure to file an annual report, its last annual report having being filed on December 21, 2021.

Under limited circumstances, personal liability can be imposed on an LLC member under the jurisprudential doctrine of piercing the corporate veil. *Fausse Riviere, L.L.C. v. Snyder*, 16-0633 (La. App. 1st Cir. 2/15/17), 211 So.3d 1188, 1192. The determination of whether to allow piercing of the corporate veil is not made, however, based on a single factor but by considering the totality of the circumstances. Some circumstances that may point to a disregard of the corporate identity are: (1) commingling of corporate and shareholder funds; (2) failure to follow statutory formalities for incorporating and transacting corporate activities; (3) under-capitalization; (4) failure to provide separate bank accounts and bookkeeping records; and (5) failure to hold regular shareholder and director meetings. *Fausse Riviere, L.L.C.*, 211 So.3d at 1193. In this case, Mid City's argument that the corporate veil should be pierced and Mr. Rowe held personally liable is based solely on Viking's failure to meet the statutory requirement of filing an annual report.

While the failure to follow statutory requirements is one of the factors to be considered in determining whether to pierce the corporate veil, it is only one of the numerous factors considered in making this determination. Mid City presented no other evidence supporting its claim that Viking failed to conduct its business on a corporate footing. Accordingly, Mid City failed to meet its burden of establishing exceptional circumstances that warranted disregarding the concept of Viking as a separate entity from its members. See *Fausse Riviere, L.L.C.*, 211 So.3d at 1192-95. Standing alone, Viking's failure to file an annual report was insufficient to establish a *prima facie* case supporting the district court's imposition of personal liability on Mr. Rowe.

8

## CONCLUSION

For the reasons stated, the October 6, 2022 judgment of the district court is reversed, and this matter is remanded for further proceedings consistent with this opinion. All costs of this appeal are assessed to KPAX, LLC d/b/a Mid City Beer Garden.

**REVERSED AND REMANDED.**